# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARKEL INSURANCE COMPANY, INC. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-09-185-SPS<br>) |
| MIKE BURNS, d/b/a Mike's Pest Control; SHANE BURNS, d/b/a Mike's Pest Control; BILL'S FISH HOUSE, INC., d/b/a Bill's Fish House Too; TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; TRUCK INSURANCE EXCHANGE; THE CITY OF LONE GROVE, OKLAHOMA; THE CITY OF LONE GROVE, OKLAHOMA WATER AND SEWAGE TRUST AUTHORITY; LARRY RUTLEDGE, d/b/a Bowl-A-Rama; MERLENE MARTIN; PAT BURNS, d/b/a Mike's Pest Control; and BRADFORD-IRWIN INSURANCE AGENCY, INC.; | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## OPINION AND ORDER DENYING
## DEFENDANTS' MOTIONS TO DISMISS

This action arises out an accidental contamination of the public water supply in Lone Grove, Oklahoma. The Defendant Mike Burns (a professional pesticide/herbicide applicator) was attempting to fill the chemical tank on his work truck with water when an

unintended backflow occurred, causing chemicals from the tank to be siphoned into the public water system. This resulted in the closing of local businesses and schools and left residential homes without water for several days.

Mike Burns notified the Plaintiff Markel Insurance Company (his general liability insurer) of the accident, but Markel quickly denied coverage. The Defendants the City of Lone Grove, Oklahoma and the City of Lone Grove, Oklahoma Water and Sewage Trust Authority sued Mike Burns in the District Court of Carter County, Case No. CJ-2009-56. Mike Burns asked Markel to defend him, but Markel again denied coverage. When Mike Burns threatened to sue for bad faith, Markel responded by seeking an opinion of counsel as to its duties under the policy. Mike Burns waited about a month but eventually did sue Markel and its agent, the Defendant Bradford-Irwin Insurance Agency, Inc., in the District Court of Carter County, Case No. CJ-2009-161. He soon found out that Markel had already filed suit for declaratory relief in this action, naming as defendants Mike Burns, his son Shane (who allegedly does business with him), the City and its utility trust authority (referred to collectively as "the City"), and several others claiming injury from contamination of the public water supply. Markel later added Mike Burns' wife Pat (who like Shane allegedly does business with him) and Bradford-Irwin as defendants.

The Burns Defendants and the City filed separate motions to dismiss. All contend that the Court should decline to exercise jurisdiction under 28 U.S.C. § 2201 in favor of the proceedings in the District Court of Carter County. *See, e. g., St. Paul Fire & Marine Insurance v. Runyon,* 53 F.3d 1167 (10th Cir. 1995). For the reasons set forth below, the Court finds that the Special Appearance, and Motion to Dismiss of Defendant, Mike

Burns d/b/a Mike's Pest Control and Brief in Support [Docket No. 11], the Special Appearance of Defendants, Mike and Pat Burns, d/b/a Mike's Pest Control, and Motion to Dismiss Plaintiff's Amended Complaint for Declaratory Judgment and Brief in Support [Docket No. 20], the Special Appearance, and Motion to Dismiss of Defendant, Shane Burns d/b/a Mike's Pest Control [Docket No. 22], and the Special Appearance, and Motion to Dismiss of Defendants, the City of Lone Grove, Oklahoma, and the City of Lone Grove, Oklahoma Water and Sewage Trust Authority and Brief in Support [Docket No. 64] should all be DENIED.

## A. Analysis

"[I]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. The Court may entertain a request for declaratory relief at its discretion. *See St. Paul Fire*, 53 F.3d at 1168 ("While this statute vests the federal courts with power and competence to issue a declaration of rights, the question of whether this power should be exercised in a particular case is vested in the sound discretion of the district courts."), *citing Public Affairs Associates, Inc. v. Rickover,* 369 U.S. 111, 112 (1962) ("A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest."), *quoting Eccles v. Peoples Bank of Lakewood Village,* 333 U.S. 426, 431 (1948). Factors to consider are: (i) whether the declaratory judgment action would resolve the controversy; (ii) whether the action would serve a useful purpose in clarifying legal relations between the parties; (iii) whether the action is being used for "procedural

fencing" or a "race to *res judicata*"; (iv) whether entertaining the action would increase friction between state and federal courts and improperly encroach upon state jurisdiction; and, (v) whether a better or more effective remedy is available. *Id.* at 1169. Even where a concurrent proceeding in state court encompasses the same controversy, "the federal court is not required to refuse jurisdiction." *Id*. at 1170, *citing ARW Exploration Corp. v. Aguirre,* 947 F.2d 450, 454 (10th Cir. 1991) ("[J]urisdiction should not be refused merely because another remedy is available. Rather, the court must decide whether the controversy can *better be settled* in a pending action, *i. e.*, 'whether there is such a plain, adequate and speedy remedy afforded in the pending state court action, that a declaratory judgment action will serve no useful purpose.'") [emphasis added], *quoting Franklin Life Insurance Co. v. Johnson,* 157 F.2d 653, 657 (10th Cir. 1946). These factors weigh in favor of entertaining the declaratory judgment action brought herein.

First, this action clearly can resolve the entire controversy. Markel has apparently named as defendants all parties having any interest in its dispute with Mike Burns over coverage for contamination of the public water supply. All are diverse from Markel, and although some have no direct claim against the insurer (*e. g.*, the City must first prevail against Burns before having any recourse against his insurer), all are nevertheless proper parties defendant in a declaratory judgment action over coverage. *See Franklin Life,* 157 F.2d at 658 ("In declaratory actions brought to determine coverage under insurance policies issued to protect the insured against liability to third persons, third persons asserting such liability have been held to be proper parties to a declaratory judgment proceeding, although their claims against the insurer are contingent upon recovery of a

judgment against the insured . . . Ordinarily, in an action for a declaratory judgment, all persons interested in the declaration are necessary parties."). Any direct claims against Markel may be asserted by way of counterclaim, including Burns' bad faith claims in Case No. CJ-2009-161, which may be *mandatory* counterclaims, *see* Fed. R. Civ. P. 13(a) ("A pleading *must* state as a counterclaim any claim that . . . the pleader has against an opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim [but] need not state the claim if . . . when the action was commenced, the claim was the subject of another pending action."), while any claims the defendants may have against each other may be asserted by way of crossclaim, including the City's claims Mike Burns in Case No. CJ-2009-56 and Burns' claim against Markel's agent Bradford-Irwin in Case No. CJ-2009-161. *See* Fed. R. Civ. P. 13(g) ("A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. "). All such claims are undoubtedly within the jurisdiction of this Court. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). *See also Collier v. Harvey,* 179 F.2d 664, 667 (10th Cir. 1949) ("A proper cross-claim is auxiliary or ancillary to the principal claim to which it is related and the jurisdiction which supports the claim will support the cross-claim."). *See generally*

Wright, Miller & Kane, *Federal Practice & Procedure* § 1433 ("It generally has been held that cross-claims under Rule 13(g) fall within the ancillary jurisdiction of the court and do not need independent grounds of federal jurisdiction.").

Second, whether or not any parties other than Markel or Burns assert their claims in this action, resolution of the coverage dispute by judicial declaration *clearly would* serve a useful purpose for all parties hereto by clarifying the legal relations between Markel and Burns. Not only would a declaration as to coverage either support or dispose of Burns' bad faith claim; it would also assist any parties hoping to recover from Burns, *e. g.*, the City (which has already sued him) and other parties defendant claiming injury from the accidental contamination of the public water supply.

Third, while "well-founded allegations of procedural fencing accusations may tip the balance against an otherwise proper declaratory judgment action[,]" *Obsolete Ford Parts v. Ford Motor Co.,* 306 F. Supp. 2d 1154, 1157 (W.D. Okla. 2004), the Court is not persuaded that Markel brought this action for procedural fencing. Unlike the insurer in *St. Paul Fire*, Markel neither knew *exactly* when Burns might make good on his threat to sue for bad faith nor waited an inordinate amount of time before filing its own suit. *See* 53 F.3d at 1170 ("St. Paul filed its federal suit one day before the date Mr. Runyon promised to file his state court contract action against St. Paul. St. Paul knew Mr. Runyon was going to file the state contract action; St. Paul knew the date Mr. Runyon was going to file the action; and St. Paul waited three years before it sought the declaration. Such timing of lawsuits may not necessarily be bad faith on the part of the insurance company; however, St. Paul is unable to show error in the district court's perception that St. Paul

was using the declaratory judgment action for procedural fencing."). Indeed, Markel brought suit reasonably soon after receiving its favorable coverage opinion from counsel and in any event less than four months after the accidental contamination occurred. The worst than can be said here is that Markel knew Burns would sue if Markel refused again to defend in Case No. CJ-2009-56 and filed its own suit before advising Burns of its final decision not to defend. This is neither procedural fencing nor any "race to *res judicata*."

Finally, although the Court is hesitant to do anything that might cause friction between state and federal courts or encroach upon state jurisdiction, *see, e. g., Brillhart v. Excess Insurance Co.,* 316 U.S. 491, 495 (1942) ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."), any concern in this regard is outweighed by the fact that the multiple actions now pending in the District Court of Carter do not afford a better or more effective remedy than this declaratory judgment action. The online docket reflects that Case No. CJ-2009-161 is progressing fairly expeditiously (Case No. CJ-2009-56 perhaps less so), but no case on file in the District Court of Carter protects the interests of the private party defendants to this suit claiming injury from the accidental contamination of the public water supply. Markel thus faces the prospect of having to defend Burns in more cases like Case No. CJ-2009-56 (or risk incurring more bad faith claims) even though it may ultimately prevail in the coverage dispute in Case No. CJ-2009-161, while Burns faces the prospect of having to

defend himself in more cases like Case No. CJ-2009-56 even though he may ultimately prevail in the coverage dispute. *See Obsolete Ford Parts*, 306 F.Supp. 2d at 1157 ("caught in a web of extended and unending certainty necessitating a judicial determination of its rights."). And while it is conceivable that a state court copy of this case could materialize in the District Court of Carter County (either by a new filing or by amendment to or intervention in either of the two cases currently pending), there is nothing to indicate that such a state court case would provide a *better* (or *more* effective) remedy than this one. *See ARW Exploration,* 947 F.2d at 454 ("[J]urisdiction should not be refused merely because another remedy is available. Rather, the court must decide whether the controversy can better be settled in a pending action, *i. e.*, 'whether there is such a plain, adequate and speedy remedy afforded in the pending state court action, that a declaratory judgment action will serve no useful purpose.'"), *quoting Franklin Life,* 157 F.2d at 657 ("It is the duty of the court to first ascertain whether the questions in controversy between the parties to the federal suit can *better* be settled in the proceedings pending in the state court[.]") [emphasis added].

Application of the *St. Paul Fire* factors to the circumstances of this case indicates that the best exercise of the Court's discretion would be to entertain Markel's request for declaratory relief under to 28 U.S.C. § 2201 along with any counterclaims or crossclaims the other parties choose to pursue. Consequently, IT IS HEREBY ORDERED that the Special Appearance, and Motion to Dismiss of Defendant, Mike Burns d/b/a Mike's Pest Control and Brief in Support [Docket No. 11], the Special Appearance of Defendants, Mike and Pat Burns, d/b/a Mike's Pest Control, and Motion to Dismiss Plaintiff's

Amended Complaint for Declaratory Judgment and Brief in Support [Docket No. 20], the Special Appearance, and Motion to Dismiss of Defendant, Shane Burns d/b/a Mike's Pest Control [Docket No. 22], and the Special Appearance, and Motion to Dismiss of Defendants, the City of Lone Grove, Oklahoma, and the City of Lone Grove, Oklahoma Water and Sewage Trust Authority and Brief in Support [Docket No. 64] are DENIED.

DATED this 5th day of March, 2010.

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**