# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARKEL INSURANCE COMPANY, INC. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-09-185-SPS<br>) |
| MIKE BURNS, d/b/a Mike's Pest Control; SHANE BURNS, d/b/a Mike's Pest Control; BILL'S FISH HOUSE, INC., d/b/a Bill's Fish House Too; TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; TRUCK INSURANCE EXCHANGE; THE CITY OF LONE GROVE, OKLAHOMA; THE CITY OF LONE GROVE, OKLAHOMA WATER AND SEWAGE TRUST AUTHORITY; LARRY RUTLEDGE, d/b/a Bowl-A-Rama; MERLENE MARTIN; PAT BURNS, d/b/a Mike's Pest Control; and BRADFORD-IRWIN INSURANCE AGENCY, INC.; | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**OPINION AND ORDER DENYING DEFENDANTS' MOTIONS
REGARDING PLAINTIFF'S SUMMARY JUDGMENT MOTION**

The Plaintiff Markel Insurance Company, Inc. brought suit for declaratory relief to absolve itself of the obligation to defend and indemnify its insured in connection with an accidental contamination of the public water supply in Lone Grove, Oklahoma. After the

Court denied motions to dismiss in favor of related state court litigation, the Plaintiff sought summary judgment before most of the Defendants had answered. The Defendants Mike Burns, Shane Burns and Pat Burns (the "Burns Defendants") and the Defendants The City of Lone Grove, Oklahoma and the City of Lone Grove, Oklahoma Water and Sewage Trust Authority (the "Lone Grove Defendants") filed motions seeking to strike the Plaintiff's Motion and Brief for Summary Judgment [Docket No. 85], arguing that summary judgment is premature primarily because very little (if any) discovery has been conducted. Both the Defendants, Mike Burns, Shane Burns and Pat Burns, Motion to Strike Plaintiff's Motion and Brief for Summary Judgment, or Alternatively, Grant Defendants an Extension of Time to Respond to Said Motion [Docket Nos. 88, 94], and the Defendants, The City of Lone Grove, Oklahoma and the City of Lone Grove, Oklahoma Water and Sewage Trust Authority's Motion to Strike Plaintiff's Motion and Brief for Summary Judgment, or Alternatively, Grant Defendants an Extension of Time to Respond to Said Motion [Docket Nos. 89, 95] are hereby denied.

Unless the Court orders otherwise, "a party may move for summary judgment at any time until 30 days after the close of all discovery[.]" Fed. R. Civ. P. 56(c)(1)(A). An April 12, 2010 deadline for filing dispositive motions was set at the initial scheduling conference but subsequently stricken upon motion by the Defendant Mike Burns. *See* Docket Nos. 69, 82, 84. Thus, the Plaintiff's summary judgment motion is not premature for purposes of Rule 56 notwithstanding its early advent in the pleading stage of the case.

Furthermore, the summary judgment argument advanced by the Plaintiff lends itself to an early resolution, *i. e.*, the Plaintiff argues that there is no coverage for the

losses at issue in this case under the unambiguous terms of the policy. Whether the policy is in fact unambiguous is a question for the Court, *see, e. g., American Economy Insurance Co. v. Bogdahn,* 2004 OK 9, ¶ 11, 89 P.3d 1051, 1054 ("Whether the language is ambiguous is a question of law."), *citing Wynn v. Avemco Insurance Co.,* 1998 OK 75, ¶ 17, 963 P.2d 572, 575, and parol evidence as to the meaning of its terms is inadmissible (and discovery thereon unnecessary) unless the Court finds that the policy is ambiguous. *See Garrett v. Pollock,* 1956 OK 215, ¶ 10, 299 P.2d 516, 519 ("A contract in writing, if its terms are free from doubt or ambiguity, must be permitted to speak for itself, and cannot by the courts, at instance of one of the parties, be altered or contradicted by parol evidence, unless in case of fraud or mutual mistake of facts, and this principle is applicable to contracts of insurance."), *quoting National Fire Insurance Co. v. McCoy,* 1951 OK 379, ¶ 0, 205 Okla. 511, 239 P.2d 428 [syllabus 2]; *Sooner Broadcasting Co. v. Grotkop,* 1955 OK 29, ¶¶ 21-22, 280 P.2d 457, 461 ("The general rule is that evidence of custom is inadmissible as an aid to the interpretation of a contract unless the contract is ambiguous or uncertain in its terms."), *citing, Number One Oil Co. v. Wilcox,* 1923 OK 320, ¶ 13, 95 Okla. 227, 219 P. 132, 133 ("As a general rule, there must be ambiguity or uncertainty upon the face of the written instrument, arising out of the terms used by the parties, in order to justify extraneous evidence of usage and custom, and when such evidence is admissible, it must be limited in its effect to the clearing up of the obscurity. It is not admissible in order to add to or ingraft upon the contract new stipulations, nor to contradict, alter, or vary those which are plain."). The Court therefore finds no reason to postpone addressing the Plaintiff's summary judgment motion at this time.

Consequently, IT IS HEREBY ORDERED that Defendants, Mike Burns, Shane Burns and Pat Burns, Motion to Strike Plaintiff's Motion and Brief for Summary Judgment, or Alternatively, Grant Defendants an Extension of Time to Respond to Said Motion [Docket Nos. 88, 94], and the Defendants, The City of Lone Grove, Oklahoma and the City of Lone Grove, Oklahoma Water and Sewage Trust Authority's Motion to Strike Plaintiff's Motion and Brief for Summary Judgment, or Alternatively, Grant Defendants an Extension of Time to Respond to Said Motion [Docket No. 89, 95] are in all things hereby DENIED. All Defendants shall have twenty-one days to respond to the Plaintiff's Motion and Brief for Summary Judgment, after which the Plaintiff shall have fourteen days to file a single brief in reply.

DATED this 18th day of May, 2010.

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**