# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARKEL INSURANCE COMPANY, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-09-185-SPS |
| MIKE BURNS, d/b/a Mike's Pest Control; SHANE BURNS, d/b/a Mike's Pest Control; BILL'S FISH HOUSE, INC., d/b/a Bill's Fish House Too; TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; TRUCK INSURANCE EXCHANGE; THE CITY OF LONE GROVE, OKLAHOMA; THE CITY OF LONE GROVE, OKLAHOMA WATER AND SEWAGE TRUST AUTHORITY; LARRY RUTLEDGE, d/b/a Bowl-A-Rama; MERLENE MARTIN; PAT BURNS, d/b/a Mike's Pest Control; and BRADFORD-IRWIN INSURANCE AGENCY, INC.; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## OPINION AND ORDER DENYING MOTION TO DISMISS BY DEFENDANT BRADFORD-IRWIN INSURANCE AGENCY, INC.

The Plaintiff Markel Insurance Company, Inc. sued herein for declaratory relief absolving itself of the obligation to indemnify and defend its insured (the Defendants Mike Burns, Pat Burns and Shane Burns d/b/a Mike's Pest Control) in connection with an

accidental contamination of the public water supply in Lone Grove, Oklahoma. Markel named as additional defendants individuals and entities with an interest in the outcome of the coverage dispute, including its agent that sold the policy, the Defendant Bradford-Irwin Insurance Agency, Inc. The Burns Defendants counterclaimed against Markel for bad faith by an insurer (assuming there was coverage) and in the alternative for fraud (assuming there was none), and also cross-claimed against Bradford-Irwin for negligence and breach of contract (again assuming there was no coverage). Markel sought leave to amend its Amended Complaint for Declaratory Relief by adding contribution and indemnity claims against Bradford-Irwin, which the Court granted over Bradford-Irwin's objection. Bradford-Irwin now seeks dismissal of those claims pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Court finds that the Motion to Dismiss of Defendant Bradford-Irwin Insurance Agency, Inc. and Brief in Support [Docket No. 114] should be DENIED.

Bradford-Irwin contends that it cannot be held liable to Markel for contribution or indemnity because Markel is itself the primary wrongdoer in this action. Bradford-Irwin notes, for example, that bad faith by an insurer is an intentional tort for which there could be no contribution under the Oklahoma Uniform Contribution Among Tortfeasors Act. *See* 12 Okla. Stat. § 832(C) ("There is no right of contribution in favor of any tort-feasor who has intentionally caused or contributed to the injury or wrongful death."). Indemnity would likewise be unavailable because Markel could not be said to be without fault in connection with any bad faith denial of coverage. Bradford-Irwin also argues that such

claims must fail because any liability Markel may suffer is due to its own misconduct rather than Bradford-Irwin's.

Bradford-Irwin raised these arguments and others in opposing Markel's motion to amend and seeking the dismissal of the cross-claims asserted by the Burns Defendants. Such arguments raise evidentiary questions and might thus be appropriate in support of a summary judgment motion under Fed. R. Civ. P. 56, but they do not demonstrate that Markel's claims for contribution or indemnity are not plausible. *See Ashcroft v. Iqbal,* 556 U.S. ___ , 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"), *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Markel alleges that the Burns Defendants have sued for fraud based on misrepresentations made by its agent Bradford-Irwin in an insurance proposal. Whether Markel can ultimately prove these allegations is unknown, but such a claim is plausible on its face. *See Iqbal,* 129 S. Ct. at 1949, *citing Twombly,* 550 U.S. at 556 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

For the reasons set forth above, the Motion to Dismiss of Defendant Bradford-Irwin Insurance Agency, Inc. and Brief in Support [Docket No. 114] is hereby DENIED.

IT IS SO ORDERED this 8th day of April, 2011.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma